IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | |
|---|---|
| AMY BRANCH, </br></br>　　　　　Plaintiff, </br></br>　　vs. </br></br>MEGAN BRENNAN, UNITED STATES POST MASTER GENERAL, </br></br>　　　　　Defendant. | Civil Action No. 2:17-CV-00777 </br></br>Judge J. Nicholas Ranjan |

## OPINION ON MOTIONS IN LIMINE AT ECF 110, 118, 115, 104, 102, 120, and 112

　　This is an employment discrimination case brought under Title VII of the Civil Rights Act of 1964. A jury trial is set to begin on August 26, 2019. On August 16, 2019, this Court entered an Order on the above-titled motions at ECF 154. Below is the Court's reasoning in support of that Order:

1) As to Defendant's Motion in Limine to Exclude Testimony by Thomas Linder (ECF 110), the Motion is DENIED.

　　The Post Office moved to exclude the testimony of Post Office manager Thomas Linder, arguing that Mr. Linder has no relevant knowledge to the issues in this case because he has little recollection of Ms. Branch and was not involved in her termination. In response, Plaintiff argues that Richard Gurneal, the decision-maker who terminated Ms. Branch, stated under oath in a 2012 affidavit that Mr. Linder was Ms. Branch's supervisor on the day he terminated Ms. Branch.

　　The Court finds, based on Fed. R. Evid. 401 and 402, that Mr. Linder's testimony may be relevant to the instant matter since he was Ms. Branch's direct supervisor at the time in question. Whatever, if anything, Mr. Linder may know or recall goes to the weight of the evidence.

2) As to Defendant's Motion in Limine to Exclude Testimony by George Spencer (ECF 118), the Motion is GRANTED.

　　The Post Office moved to exclude the testimony of George Spencer, Labor Relations Director for the National Alliance of Postal and Federal Employees. The Post Office argues that Mr. Spencer has no relevant knowledge to the issues in this case because he did not work directly with Ms. Branch and was not involved in her termination. In response, Ms. Branch argues that

Mr. Spencer may provide relevant testimony regarding the rights of a casual employee at the Post Office.

The Court agrees with the Post Office's position. Based on the parties' filings, it appears that Mr. Spencer can provide no testimony as to the termination at issue in Ms. Branch's complaint. Further, his testimony about how casual employees are intimidated by management is not only irrelevant, but poses a serious risk of confusing the jury, and is therefore inadmissible under Rule 403.[1]

>   3) As to Defendant's Motion Regarding Note Memorializing Plaintiff's Threat (ECF 115), the Motion is GRANTED.

The Post Office moved to introduce a note written by a former Post Office employee, Sandra Roberts, on the date of Plaintiff's termination that memorializes Plaintiff's alleged threat of violence against a superior. The Post Office argues that the note should be admitted because 1) it is not hearsay since it is not "offer[ed] in evidence to prove the truth of the matter asserted," Fed. R. Evid. 801(c), but rather to show its effect on Mr. Gurneal, who relied upon the note and its contents in terminating Ms. Branch; and 2) even if it were hearsay, Ms. Roberts's note, which was attached to a termination memorandum, is a business record admissible under the business records exception. *See* Fed. R. Evid. 803(6). Ms. Branch responds by arguing that, under Fed. R. Evid. 901, the note is inadmissible because Ms. Roberts will not be at trial to authenticate the note.

The Court finds that the note is admissible because it is not being admitted for the truth of its contents. *See e.g. Jones v. Univ. of Pa.,* No. 00-2695, 2003 WL 21652083, at *4 n.3 (E.D. Pa. Mar. 20, 2003) ("[S]o long as complaints received by an employer are offered to show the state of mind of the employer (a crucial factor in discrimination cases), and not offered to prove the truth of the matter asserted, such complaints do not constitute hearsay."). Further, it falls under the business record exception even if the note were hearsay, since it is attached to the termination memorandum and is kept as part of the Post Office's personnel records. *See Martin v. Funtime, Inc.*, 963 F.2d 110, 116 (6th Cir. 1992) (affirming admissibility of personnel files as business records under Rule 803(6)). Finally, the note may be authenticated by Mr. Gurneal, as recipient of the note, rather than solely Ms. Roberts. *Bouriez v. Carnegie Mellon Univ.*, No. Civ.A. 02-2104, 2005 WL 2106582, at *5 (W.D. Pa. Aug. 26, 2005) ("[Rule 901] does not require the author to authenticate a document, but other facts and circumstances can provide ample basis for authentication.").

>   4) As to Defendant's Motion in Limine to Exclude Evidence of Previously Dismissed Claims (ECF 104), the Motion is GRANTED IN PART.

---

[1] Generally, the terms and conditions of casual employees, including the circumstances under which their employment is renewed, may be relevant to Phase II of this trial regarding an award of back pay or front pay. But the Court finds Mr. Spencer's testimony on this point to be cumulative and of little utility, given that it is undisputed that he was a non-supervisory employee with no human resources duties.

2

The Post Office moved to exclude evidence of previously dismissed claims, arguing under Fed. R. Evid. 401, 402, and 403 that evidence of Ms. Branch's retaliation claims should be excluded since the Court dismissed these claims on summary judgment. Ms. Branch's retaliation claims had been that 1) she was retaliatorily terminated in 2012 because she had filed a 2010 Equal Employment Opportunity complaint for sexual harassment ("Claim 1"), and 2) the Post Office did not rehire Ms. Branch in 2015 due to her unlawful 2012 termination ("Claim 2"). In response, Ms. Branch argues that evidence of Claim 1 is relevant because the Post Office will introduce evidence that Ms. Branch was "moved around" the Post Office because of poor work performance, while Ms. Branch maintains it was in retaliation to the 2010/2011 sexual harassment allegation. Further, Ms. Branch argues that evidence of Claim 2 is relevant to the issue of mitigation of damages.

The Court is persuaded that if the Post Office opens the door and introduces evidence that Ms. Branch was "moved around" the Post Office due to poor work performance prior to her 2012 termination, then Ms. Branch may introduce evidence regarding the 2010/2011 sexual harassment allegation. Using the evidence in this way will minimize the risk of jury confusion, and is not evidence relating specifically to the retaliation claim that was dismissed. However, evidence of Claim 2, regarding her attempts to be rehired by the Post Office in 2015, is only relevant to Phase II of the trial and therefore must be excluded at Phase I. The Motion is therefore granted in part.

5) As to Defendant's Motion in Limine to Preclude and/or Limit Plaintiff's Claim for Economic Damages (ECF 102), the Motion is DENIED.

The Post Office moved to preclude and/or limit the economic damages available to Ms. Branch, arguing that Ms. Branch violated the disclosure obligations of Fed. R. Civ. P. 26 by failing to provide medical or financial records and by not timely supplementing initial disclosures. The Post Office further argues that because Ms. Branch applied for social security benefits post-termination, all back pay and front pay should be limited. In response, Ms. Branch argues that the Motion is really a motion for summary judgment rather than a motion in limine. She further argues that initial disclosures have been supplemented twice, and that those disclosures include damages calculations based on the documentation in her employment file, which the Post Office produced. Ms. Branch did not see the need to reproduce these documents to the Post Office in order to make a back and front pay calculation. Further, Ms. Branch intends to put forth evidence regarding mitigation through her own testimony at trial.

The Court finds that Ms. Branch, through recently retained pro bono counsel, timely supplemented her damages calculations under Fed. R. Civ. P. 26. Because these calculations rely upon documents produced by the Post Office, she had no burden of producing those same documents back to the Post Office. Further, Ms. Branch's evidence of mitigation through her own testimony should be permitted, particularly since the Post Office deposed Ms. Branch on this subject, and since it is the Post Office's burden to prove lack of mitigation. *See Booker v. Taylor Milk Co., Inc.*, 64 F.3d 860, 864 (3d Cir. 1995) ("Although the statutory duty to mitigate damages is placed on a Title VII plaintiff, the employer has the burden of proving a failure to mitigate."). Finally, the Court finds that Ms. Branch's application for social security benefits is no reason to exclude her testimony as being inadmissible, though it could be grounds to limit the

amount of back pay or front pay that could be awarded in this case, and so may be relevant during Phase II of the trial as to damages. *See, e.g., Shomide v. ILC Dover, Inc.,* 521 F.Supp. 2d 324, 334-35 (D. Del. 2007) ("'As a general rule an employment discrimination plaintiff will not be allowed back pay during any periods of disability' and 'an employer who has discriminated need not reimburse the plaintiff for salary loss attributable to the plaintiff and unrelated to the employment.'" Further, "the doctrine of judicial estoppel prevents plaintiff from telling the SSA that he is disabled and unable to work but later telling this court that he is entitled to front pay because he can perform his former job.").

6) As to Defendant's Motion in Limine to Preclude Extrinsic Evidence and Limit the Scope of Questions About Witness Richard Gurneal (ECF 120), the Motion is GRANTED in PART.

The Post Office moved to exclude evidence of Mr. Gurneal's resignation from the Post Office under Fed. R. Evid. 608, 611, and 403. The Post Office argues that Mr. Gurneal's past conduct which led to his resignation is irrelevant as it happened over two years ago, is unduly prejudicial, and would not meaningfully bear on Mr. Gurneal's credibility. The Post Office further argues that, should questioning be permitted, under Fed. R. Evid. 608(b) extrinsic evidence should be precluded. In response, Ms. Branch argues that Mr. Gurneal's prior conduct involves dishonest activities which may be investigated at cross-examination under Fed. R. Evid. 608 and that such activities do not have to have occurred recently in order to bear on his credibility.

The Court find that a witness's character for truthfulness is an issue for the jury's consideration, and evidence that tends to show deceit is admissible to establish a lack of truthfulness, not a witness's character. *See United States v. Irizarry*, 341 F.3d 273, 311-12 (3d Cir. 2003). Here, Mr. Gurneal's past conduct leading to his resignation arguably involved lying, which is goes to his truthfulness. *See United States v. Davis*, 183 F.3d 231, 256-57 (3d Cir. 1999) (finding "clearly proper" the admission of defendant's forty-four day suspension for "misappropriating departmental gasoline for use in his personal vehicle and putting a false name in a gas log"). Although Mr. Gurneal's questioned conduct occurred two years ago, it is not so long ago as to be irrelevant to his character for truthfulness. *Guy Chem. Co., Inc. v. Romaco Inc.,* No. CV 3:2006-96, 2009 WL 10690053, at *1 (W.D. Pa. Oct. 26, 2009) (rejecting that alleged counterfeiting that occurred nine years prior was "too remote in time"). While the Court will allow questioning as to Mr. Gurneal's past conduct, Fed. R. Evid. 608(b) generally bars the introduction of extrinsic evidence. Accordingly, the Motion is granted in part, as Ms. Branch may ask questions but not introduce extrinsic evidence.

7) As to Plaintiff's Motion in Limine to preclude evidence of Plaintiff's employment terminations and negative performance from before and after her employment position in question at the Post Office (ECF 116 at p. 2), the Motion is GRANTED IN PART.

Ms. Branch moved to exclude evidence of employment terminations and negative performance from before and after her employment position in question at the Post Office, arguing under Fed. R. Evid. 401, 402, and 403 that such evidence is irrelevant and too remote to

this case. In response, the Post Office stipulates that it will not introduce evidence regarding Ms. Branch's pre-Post Office employment, but that the Motion should be denied to the extent that Ms. Branch seeks to preclude evidence related to: 1) her conduct during her recent employment with the Postal Office (from March 17, 2012 to May 11, 2012); and 2) her subsequent employment following her termination from the Postal Office, since it directly addresses the issue of mitigation of damages.

The Court finds that Ms. Branch's performance from March 17, 2012 to May 11, 2012 is relevant to Phase I of the trial as it pertains to the Post Office's non-discriminatory reasons for termination, but that post-employment performance may only be relevant to Phase II regarding mitigation of damages. Accordingly, the Motion is granted in part.

8) As to Plaintiff's Motion in Limine to preclude Defendant from introducing Plaintiff's prior or current Equal Employment Opportunity complaints (ECF 116 at p. 4), the Motion is DENIED.

Ms. Branch moved under Fed. R. Evid. 401, 402, and 403 to exclude evidence of her prior or current EEO complaints and findings, conclusions, and/or determinations made by the EEO and/or the Pennsylvania Unemployment Compensation Office. In response, the Post Office stipulates that it will not affirmativly introduce evidence regarding EEO complaints and/or determinations made by the EEO or the Pennsylvania Unemployment Compensation Office at trial.

Therefore, the parties stipulate that there will be no evidence introduced regarding EEO complaints. The Motion is denied as moot, except that the Court notes that, consistent with No. 4 above, Ms. Branch may introduce testimony regarding the 2010/2011 alleged harassment incident if the Post Office opens the door.

9) As to Plaintiff's Motion in Limine to preclude Defendant from introducing Plaintiff's statements that the government is conspiring against Plaintiff (ECF 116 at p. 5), the Motion is GRANTED.

Ms. Branch moved under Fed. R. Evid. 401, 402, and 403 to exclude evidence of statements she made at deposition that the Post Office is conspiring against her, including by tampering with her mail and other statements regarding the government's interference with this case and her livelihood. Ms. Branch argues that such statements are irrelevant in that they have no probative value since they do not establish the likelihood, or lack thereof, of racial discrimination. In response, the Post Office offers cases from other Circuits which have found that certain mental conditions are relevant to cross-examination of a witness's credibility.

The Court agrees with Ms. Branch's arguments. This type of evidence has little probative value and is substantially outweighed by the danger of unfair prejudice. The cases cited by the Post Office are distinguishable from the instant matter because they suggest that evidence of mental illness should only be introduced when the witness has already been diagnosed with a hallucinogenic mental condition. For instance, the Post Office cites *United States v. Butt*, 955 F.2d 77, 83 (1st Cir. 1992), which actually held that the district court properly

deemed a witness's medical history irrelevant where "[t]he district court was impressed, as are we, by the absence of a formal psychiatric diagnosis or of any 'diagnosis ... of a mental illness which [would] prevent[ ] [the witness] from perceiving matters truthfully and testifying about them.'" Here, there is no evidence in the record that Ms. Branch has been diagnosed with a condition which would prevent her from perceiving matters truthfully and testifying about them.

> 10) As to Plaintiff's Motion in Limine to preclude Defendant from introducing evidence regarding Plaintiff's reputation for being unable to get along with work colleagues and supervisors (ECF 116 at p. 6), the Motion is DENIED.

Ms. Branch moved under Fed. R. Evid. 401, 402, and 403 to exclude evidence of her alleged reputation of poor interaction with work colleagues and supervisors at the Post Office. Ms. Branch argues that such character evidence is prejudicial and will confuse the jury over the central issue of this case – whether the Post Office discriminated by terminating Ms. Branch because she is African American. In response, the Post Office argues that evidence related to Ms. Branch's interpersonal problems with her colleagues and supervisors is directly relevant to the issue of why Ms. Branch was terminated on May 11, 2012. The Post Office also notes that since Ms. Branch intends to introduce evidence at trial of an incident that occurred in April 2012 involving an interpersonal conflict with another employee, Jason Best, she will open the door regarding her reputation for conflict at the Post Office.

The Court agrees with the Post Office and finds that such evidence regarding Ms. Branch's reputation for getting along with others is admissible. It is relevant to the central issue in the case—whether Ms. Branch was terminated based on race or based on her conduct at work, including any performance-related issues. The Motion is denied.

> 11) As to Plaintiff's Motion in Limine to preclude Defendant from introducing evidence related to the Court's summary judgment ruling on retaliation claims (ECF 116 at p. 7), the Motion is GRANTED.

Ms. Branch moved under Fed. R. Evid. 401, 402, and 403 to exclude evidence regarding the Court's summary judgment ruling on her retaliation claims. In response, the Post Office agrees that it will not introduce such evidence.

The Motion is therefore granted, except that the Court notes that, consistent with No. 4 above, Ms. Branch may introduce testimony regarding the 2010/2011 alleged harassment incident if the Post Office opens the door.

> 12) As to Plaintiff's Motion in Limine to exclude evidence of Plaintiff's criminal history (ECF 116 at p. 8), the Motion is GRANTED.

Ms. Branch moved to exclude evidence of her criminal history, and the Post Office has agreed not to introduce such evidence. The Motion is granted as agreed-to.

> 13) As to Plaintiff's Motion to present affidavits from Post Office employees in the EEO file (ECF 116 at p. 10), the Motion is GRANTED.

Ms. Branch moved under Fed. R. Evid. 802(d)(2) to present affidavits from Post Office employees in the EEO file as evidence since they are not hearsay. The Post Office agrees to the admission of such affidavits as non-hearsay, subject to redaction of any inadmissible double-hearsay and mention of prior EEO complaints.

The Motion is therefore granted as agreed-to. To the extent there are any disputes as to redactions, the parties should raise those with the Court as soon as possible.

14) As to Plaintiff's Motion to exclude evidence that Plaintiff would have garnered through deposition testimony and motion to preserve for appeal (ECF 116 at p. 12), the Motion is DENIED.

Ms. Branch moved to exclude "evidence that Defendant may use against Plaintiff that Plaintiff would have garnered through deposition testimony." Ms. Branch cites to no authority for this request, although does cite to a case concerning the ability of a pro se client to reopen discovery after retaining counsel. *See Childers v. Slater*, 197 F.R.D. 185 (D.D.C. September 18, 2000). Ms. Branch further seeks to preserve the issue of whether the Court should have reopened discovery for appeal. In response, the Post Office argues that Ms. Branch's request is nonspecific as to what evidence is at issue and would prejudice the Post Office. It further argues that a motion in limine is not the appropriate vehicle to preserve Ms. Branch's right to appeal.

The Court finds that Ms. Branch's requested relief is too vague; further, the Court will not overturn Judge Phipps's prior ruling regarding reopening discovery in this case. Therefore, the Motion is denied.

DATED this 19th day of August, 2019.

BY THE COURT:

/s/ J. Nicholas Ranjan
J. NICHOLAS RANJAN
United States District Judge

7